Clarkson *v.* Mitchell.

---

MARGARET O'HEAR CLARKSON and others *v.* JOHN W. MITCHELL.

It appearing by the complaint that the plaintiffs were only entitled to the principal of a fund held in trust; an averment that a provision, in the instrument by which the trust was created, fixing the rate of interest to be allowed for the use of the fund at five instead of seven per cent., was inserted improperly by the undue influence of the trustee—and the prayer of the complaint, founded upon this statement, that the trustee account to the plaintiffs for interest at the rate of seven per cent. from the time of creating the trust—*held* bad on demurrer, the plaintiffs not being entitled to the interest, if at all, until the principal became due to them.

*Held*, further, that if the plaintiffs sought interest, as matter of law, upon the principal, after such principal became payable to them, they should have so declared, instead of proceeding entirely, as in the matter demurred to, upon the ground of illegality in the act of the trustee, and making that the foundation of a claim to seven per cent. or to the two per cent. difference between five and seven per cent. from the time the trust was created.

Where a deed of trust provides that the interest of a fund shall be paid during life to the person executing the same, and directs the principal to be given to third persons; an action after his death to recover interest accumulated in the hands of the trustee, cannot be maintained by them, but must be brought by the personal representatives of the grantor.

If such third persons file a complaint for both the principal and such accumulated interest; the trustee, although both claims are founded upon one instrument, may answer the one and demur to the other.

A party cannot, on the ground that a contract is invalidated by fraud in procuring its execution, avoid a part, and at the same time retain a benefit derived from another part thereof.

In December, 1836, one Ann S. Fabian and the defendant executed a deed, which recited that the latter, as the executor of one Broughton, deceased, might have incurred some liability in the management and settlement of the testator's estate, and that said Ann S. Fabian, having as legatee under the will received a moiety of the property devised, had agreed to indemnify the defendant from such liability and from all loss to be incurred on her account. The instrument then, " in order thereto," and with a view of providing toward her support during her life, and toward the maintenance of her relatives after her decease, transferred to the defendant $1,200, in trust, first, to use during her life and until ten years from the execution of the deed, " without accountability to any one," and to pay thereout the liability or loss above mentioned, if any; secondly, in trust, to allow her, from time to time, so much of the $1,200 as he might in his discretion deem expedient, paying her, however, during her life, interest on the principal sum at the rate of five per cent. per annum; and thirdly, in trust, after her decease and at—or at his option before—the expiration of said ten years, to divide the balance of the principal remaining in his hands equally between Margaret O'Hear Clarkson and her children. The deed contained an acknowledgment by Ann S. Fabian that the defendant was not in any manner indebted to her, with a covenant not to institute any suit or perform any act to set aside the instrument or to interrupt its execution, under the penalty of $1,000 as liquidated damages. A power of substitution was conferred upon the trustee, with a provision for his discharge from responsibility upon an appointment of a successor.

The complaint in this action was filed in 1854 by the said Margaret O'Hear Clarkson, a widow, and by her children—adults and infants, the latter appearing by a guardian.

After setting forth the trust deed in full, it alleged that upon the execution thereof the defendant received the $1,200, " and

Clarkson *v.* Mitchell.

· kept the same upon the trust for the benefit of the plaintiffs;" that Ann S. Fabian died about four years before suit brought; that the plaintiffs were "the only persons now entitled to the money and the interest thereon remaining in the hands of the defendant;" that the defendant "hitherto used to his own purposes and for his individual benefit the aforesaid trust money of $1,200, and when applied to on behalf of the plaintiffs since Ann S. Fabian's decease for the said money with interest, the defendant promised in writing to account and to pay over the said trust money, but has omitted," etc.; that the defendant at the time of and in reference to the preparation of the deed acted as the lawyer of Ann S. Fabian, and that "by fixing therein the rate of interest at only five per cent. per annum upon the principal sum remaining in his hands, the defendant wrongfully and fraudulently took undue advantage of the said Ann S. Fabian in her lifetime, and to the prejudice of these plaintiffs since her decease, and was guilty of a breach of his duty as her attorney and counsel, and the defendant now wrongfully and fraudulently claims that he is not to account for seven per cent. interest for the whole time he has had and used the said $1,200." The complaint alleged, in conclusion, that the plaintiffs were advised, and they insisted, that they had a right to claim from the defendant the said sum of $1,200, "with interest since he has had the same, at seven per cent. per annum, with annual rests." And following this was a formal prayer for judgment for such principal and interest, in nearly the same language as last above quoted, with costs of suit. As to whether any part of the principal or any interest was paid to Ann S. Fabian during her life the complaint was silent, but left an inference in the negative.

The defendant put in an answer and demurrer, combining both in one pleading. The demurrer was to so much of the complaint as is contained from and including the allegation that the defendant acted as the lawyer of Ann S. Fabian, to the end. And the specified grounds of objection were, that for the alleged frauds upon her and the acts of the defendant set up in the averments demurred to, he was not responsible to the

plaintiffs, and that they had not shown themselves possessed of any right of action against him therefor, they not being the personal representatives of Ann S. Fabian.

The issue of law formed by the demurrer. was tried at a special term, where the following opinion was delivered by

INGRAHAM, FIRST J.—The portion of the complaint demurred to is that part of it which charges the defendant with taking advantage of Ann S. Fabian, and so preparing a written instrument, on which the action is founded, as to deceive her, by fixing the rate of interest at five per cent. instead of seven.

The complaint in substance first claims to recover $1,200, and the interest, remaining in the defendant's hands; and secondly, to recover seven per cent. or the difference between seven and five per cent. from the time the defendant received the money.

Although the complaint is founded on one instrument, yet it presents two separate claims thereon, to either of which the defendant might demur and answer to the other.

The demurrer to this part of the complaint is on the ground that the complaint does not show that the plaintiffs have any right to bring an action for such alleged deception, because they do not appear to be the representatives of the deceased.

It does not in any way appear in the complaint that the plaintiffs are the heirs, devisees or legatees of Ann S. Fabian, but their only claim is under the written contract with her.

If that contract is a fraudulent one and void, there is, then, no ground on which the plaintiffs may claim at all. If not fraudulent or void, then they cannot attempt to avoid part, and retain the portion for their benefit.

By the instrument itself, the plaintiffs appear only to have a claim to the principal. If the defendant has defrauded Ann S. Fabian as to the interest, the plaintiffs are not the persons entitled to recover therefor. Their claim does not extend beyond the principal. The personal representatives of Ann S. Fabian can only seek redress for such an injury.

I think the demurrer is well taken, and that the defendant is entitled to judgment thereon.

Ordered accordingly.

From this decision the plaintiffs appealed to the general term.

*Samuel F. Clarkson*, for the plaintiffs, made and argued the following points:

I. The complaint presents only one cause of action—the principal money, and interest thereon—which the defendant is bound to pay to the plaintiffs. Subd. 1. This appears as well from the instrument, set out in the complaint, as from the other parts of the complaint, stating the right and claim of the plaintiffs in this action. *Cahoon* v. *The Bank of Utica*, 7 Howard, 401: A complaint to compel defendants to pay over a surplus of money received on a mortgage given as collateral to certain notes, and to require the delivery up of those notes, to be made available against third persons for plaintiff's benefit—held not to contain two distinct causes of action. In this case the question was expressly raised, and argued, and decided by the Supreme Court, and afterwards reversed as above by the Court of Appeals. *Wilson* v. *Martin*, 1 Denio, 602: The agreement was for the rooms $17 per week, and $22 per week for board. The Common Pleas held there were two separate agreements. The old Supreme Court reversed the judgment on the ground there was but one agreement. Subd. 2. The said complaint does not claim the principal and interest as two several and distinct causes of action, and such a point was not made or presented to the court by either party. Subd. 3. If the complainant made or presented two separate claims or causes of action against the defendant, the Code, § 167, last clause, rule of Supreme Court 87, and the cases there referred to, required the court to consider there was but one cause of action or claim against the defendant—which is the fact; the wrongful act of the defendant which is complained of, extends only to the rate

of interest the defendants should pay, since the money belonged to the plaintiffs, by the decease of A. S. Fabian. Subd. 4. Interest is claimed as incident to the principal; for, after the decease of A. S. Fabian, the principal and accruing interest belonged to the plaintiffs, but statements are made in the complaint to show at what rate that interest should be computed—7 per cent. and not 5 per cent., without regard to the expiration of ten years, stated in the paper. "All contracts to pay, undoubtedly give a right to interest from the time when the principal ought to be paid." (*Williams* v. *Sherman*, 7 Wend. 109; *Foster* v. *Heath*, 11 Wend. 77; *Still* v. *Hall*, 20 Wend. 51.) Subd. 5. The plaintiffs have a right to state, and do claim, that that part of the said instrument in writing, by which the defendant fixed the rate of interest for said money at 5 per cent. for ten years from the date of said instrument, was a fraud practised by the defendant; that this fraud was done to and in the lifetime of A. S. Fabian, and it extends to and now prejudices the claim of the plaintiffs for interest since the decease of A. S. Fabian; that the defendant is now taking advantage of his own wrong, by refusing to account to the plaintiffs for more than 5 per cent. interest for said money since it belonged to them by the decease of the said A. S. Fabian; that such fraud relates only to the rate of interest the defendant shall pay, and does not in any way vitiate the plaintiffs' right under that instrument in writing to the principal sum of money, or to interest thereon.

II. The defendant cannot demur to a part of a complaint containing a single cause of action, and answer the residue. (*Ingraham* v. *Baldwin*, 12 Barb. S. C. R. 9; *Spellman and others* v. *Weider and others*, 5 Howard Pr. R. p. 5; *Cobb* v. *Frazee*, 4 How. Pr. R. 413, 373.)

III. The grounds of the demurrer stated therein show that the demurrer is not authorized by the Code; if any objection existed for irrelevancy to that part of the complaint demurred to, the objection should have been before answer, by motion to strike out. (*Corlies* v. *Delaplaine*, 2 Code R. 117; *Roosa* v. *Woodstock Turnp. Co.* 8 Howard Pr. R. 237; *Goch and wife*

v. *Marsh*, 8 How. Pr. R. 439 ; *Smith* v. *Loft*, 8 How. Pr. R. 235—Harris, J., "held a demurrer in any other cases than those prescribed by the Code to be a nullity;" *Bank of British North America* v. *Suydam and others*, 6 How. Pr. R. 379, 382 ; *Smith* v. *Brown and others*, 6 How. Pr. R. 383.)

IV. The plaintiffs are entitled to have the judgment of the special term reversed, with costs of the special and general term.

*William Silliman*, for the defendant, made and argued the following points :

I. If the defendant " wrongfully and fraudulently took undue advantage of Ann S. Fabian in her lifetime," she had her remedy against him in her lifetime for her wrongs.

II. If she did not choose to seek that remedy in her lifetime, the right to it does not descend to the plaintiffs, who do not appear to have any other relation to her than as objects of her bounty, and donees of the contingent " balance of the said principal," being wholly excluded from any share of interest, however much it might accumulate. The principal was not payable until the lapse of ten years after the date of the deed, and if Fabian had died the day after it was made, or for any other cause had not received or used any of the five per cent. mentioned in the deed, the plaintiffs would not be entitled to the accumulations ; and for reasons quite as strong, they cannot claim a rate of interest beyond that provided for in the deed.

III. The personal representatives of Fabian are entitled to all arrearages of the five per cent. which accrued within the ten years, and to all damages arising from the alleged fraud in not fixing the rate of interest at seven per cent. over and above all charges for guardianship, etc.

BY THE COURT. WOODRUFF, J.—I fully concur in the opinion pronounced by the first judge at special term, and it appears to me so entirely conclusive in support of the demurrer

herein, that nothing that I might say would add to its conclusiveness.

The order at special term should be affirmed, with costs.

DALY, J., concurred.

Order sustaining the demurrer affirmed.